UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

KENNETH COLEMAN,

Plaintiff,

v.

CAUSE NO. 1:25cv513 DRL-SJF

BRADY THOMAS *et al.*,

Defendants.

<u>OPINION AND ORDER</u>

Kenneth Coleman, a prisoner without a lawyer, filed a complaint alleging that he was served rotten meat repeatedly while a pretrial detainee at the DeKalb County Jail. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Coleman indicates that he did not use the jail's grievance system to complain about the rotten meat because the event is not grievable. He also says the event was grievable but he "did not file a grievance because we get rote [sic] up for putting grievances in about this place then we get called lieing [sic] retards that we don't no [sic] what we are talking about. But the food meat they served us for 30 days is bad."

In the Prison Litigation Reform Act, Congress mandated that prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is designed to provide the prison with notice of a problem and give them an opportunity to fix it. *Maddox v. Love*, 655 F.3d 709, 722 (7th Cir. 2011). Exhaustion is required even if the prisoner believes the grievance process will not work for him. "[T]here is no futility exception to the PLRA's exhaustion requirement." *Massey v. Helman*, 196 F.3d 727, 733 (7th Cir. 1999); *see also Dole v. Chandler*, 438 F.3d 804, 808-809 (7th Cir. 2006) (holding that exhaustion is necessary even "if the prisoner believes that exhaustion is futile. The sole objective of § 1997e(a) is to permit the prison's administrative process to run its course before litigation begins") (citations and quotations omitted).

The law takes a "strict compliance approach to exhaustion." *Dole*, 438 F.3d at 809. "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). "By its plain terms, the PLRA requires prisoners to exhaust administrative remedies *before* filing suit; a sue first, exhaust later approach is not acceptable." *Chambers v. Sood*, 956 F.3d 979, 984 (7th Cir. 2020) (quotations omitted). "[A] suit filed by a prisoner before administrative remedies have been exhausted *must* be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999).

"Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). Nevertheless, "a plaintiff can

plead himself out of court. If he alleges facts that show he isn't entitled to a judgment, he's out of luck." *Early v. Bankers Life and Cas. Co.*, 959 F.2d 75, 79 (7th Cir. 1992) (citations omitted).

Mr. Coleman's representations in his complaint regarding exhaustion are somewhat confusing. It appears he could have filed a grievance but decided not to do so because he was concerned about retaliation or perhaps for some other reason. In the interests of justice, Mr. Coleman will be given an opportunity to file an amended complaint that clarifies whether he filed a grievance and, if he did not, explains why he did not file a grievance.

For these reasons, the court:

(1) STRIKES Kenneth Coleman's complaint (ECF 1) because it contains inconsistent answers regarding whether the events he is suing about were grievable, although the complaint will remain available to the public;

(2) GRANTS Coleman until **June 8, 2026**, to file an amended complaint that clarifies whether he could have used the grievance system to file a complaint about receiving rotten food, whether he did so, and if not, why he did not file a grievance; and

(3) CAUTIONS Kenneth Coleman that, if he does not respond, this case may be dismissed without further notice.

SO ORDERED.

May 12, 2026                                                 *s/ Damon R. Leichty*
                                                 Judge, United States District Court

3